USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K.M., on behalf of herself and all others similarly situated,

Plaintiff,

-v-

NORTHWELL HEALTH, INC.,

Defendant.

23-cv-8407 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff K.M. moves, by letter motion, for an order to be permitted to file this complaint and prosecute the action with a pseudonym instead of her proper name. Dkt. No. 5. The motion is denied. Dkt. No. 5.

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "'The people have a right to know who is using their courts.'" *Id.* (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). The Second Circuit has identified a number of non-exclusive factors that are relevant to whether a plaintiff should be permitted to proceed pseudonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms . . .; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . .; (5) whether the suit is challenging the actions of the

> government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotations omitted and alterations adopted); *see also United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020). The court is not required "to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 189, 191 n.4. "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Pilcher*, 950 F.3d at 45.

The class action complaint in this action reveals two items of information about Plaintiff: (1) through her use of the website of defendant Northwell Health, Inc. ("Defendant") her confidential information about healthcare has been released without her consent to third parties such as Meta Platforms, Inc and Google, Inc., and (2) she has searched for information about neurosurgeons related to medical conditions such a Lyme Disease, which were indicative of brain tumors and related neurological disorders. Dkt. No. 1 ¶¶ 107–108. Neither is the type of highly sensitive and personal information for which the courts typically permit a party to proceed anonymously. *Cf. Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2–4 (S.D.N.Y. July 13, 2022) (discussing cases that permit a plaintiff who alleges she or he has been a victim of rape of sexual assault to proceed pseudonymously but denying request to proceed by pseudonym). The former characteristic is one that she allegedly shares in common with thousands of individuals whose private information may have been improperly disclosed and whom she seeks to represent in this case, Dkt. No. 1 ¶ 176; it is not distinctive to Plaintiff and does not disclose any sensitive

information about her. The latter "is a common enough disorder . . . and not such a badge of infamy or humiliation in the modern world that its presence should be an automatic ground for concealing the identity of a party to a federal suit." *Doe v. Blue Cross & Blue Shield*, 112 F.3d at 872; *see also Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1146 (N.D. Cal. 2016); *Doe v. Univ. of Miami (Miller Sch. of Med.)*, 2012 WL 12960871, at *2 (S.D. Fl. Nov. 28, 2012) ("Indeed, ADHD is a closer analog to obsessive-compulsive disorder, which has been found insufficiently stigmatizing to warrant proceeding anonymously."); *Doe v. United Healthcare of the Midwest, Inc.*, 2010 WL 11565941, at *1–2 (S.D. Ill., Mar. 31, 2010) (noting that "[b]ulimia is not 'such a badge of infamy or humiliation' in our society that it constitutes an automatic ground for permitting plaintiffs to proceed anonymously here" (quoting *Doe v. Blue Cross & Blue Shield*, 112 F.3d at 872)). "[T]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Doe v. Blue Cross & Blue Shield*, 112 F.3d at 872.

Plaintiff's allegations of harm are unpersuasive. She alleges that Defendant's disclosure of her health conditions has subjected her to "harassment and embarrassment from . . . unwanted targeted advertisements," and that she "is concerned about maintaining her relationship with her current care providers and wants to ensure her future medical care is not negatively impacted," by her participation in this lawsuit. Dkt. No. 5, at 4. But the past harm she alleges she suffered does not establish that disclosure would cause "incremental injury," *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021), and her claim that her relationship with current care providers might be affected is entirely conclusory and speculative, *see Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019). She offers no reason to believe that the care that she will receive in the future will be any the lesser for the disclosures she makes

in the complaint. She admits that she is not "particularly vulnerable" and that Defendant is not a government entity. Dkt. No. 5 at 4. The case does not raise purely legal issues and there is a public interest in disclosure of her identity—the people whom she seeks to represent ultimately have an interest in the identity of the person in whose hands they are placing their fate. Finally, while it may become necessary for Plaintiff to disclose sensitive and personal information in this lawsuit, there are alternative mechanisms for protecting that information from public disclosure. If future pleadings contain details about Plaintiff's medical treatment or information that would be protected by federal or state regulation, those pleading may—upon motion—be filed in redacted form and the Court will enter a protective order in this case protecting her personal medical information. *See Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *4 ("[T]he case is not of a purely legal nature and mechanisms exist, including protective orders, to protect against disclosure of that information of the most personal and intimate nature.").

SO ORDERED.

Dated: October 10, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge